UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>    Defendants. | Case No. 14-cv-05508-YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

On December 17, 2014, Plaintiff, a California prisoner currently incarcerated at the California Substance Abuse Treatment Facility and proceeding *pro se*, filed the above-titled civil rights action under 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Plaintiff's twenty-five page complaint raises multiple allegations with respect to events that occurred at two different prisons: Pleasant Valley State Prison ("PVSP") from December 2010 through April 2012 and Salinas Valley State Prison ("SVSP") from April 2012 through March 2014. The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**I.  STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

2

## II. LEGAL CLAIMS

Plaintiff asserts multiple claims for relief against a total of thirty-nine defendants, from whom he seeks both injunctive relief and monetary damages. As mentioned above, the allegations in the complaint cover a span of time from December 2010 through March 2014, during which period Plaintiff was incarcerated at two different prisons.

Having reviewed the allegations in the complaint, the Court finds the following pleading deficiencies require that the complaint be dismissed with leave to amend.

### A. Misjoined Claims Against PVSP Defendants

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.* The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

Here, the *relevant* allegations (and the claims filed in the *proper venue*, as explained below) in Plaintiff's complaint concern his claims of injury with respect to constitutional violations that allegedly occurred while he was incarcerated at SVSP from April 2012 through March 2014. Based on the allegations in the complaint, the Court finds Plaintiff has improperly joined the PVSP defendants, and the claims against them (that took place from December 2010

3

1 through April 2012), to his claims against the SVSP defendants. Specifically, while Plaintiff
2 asserts that prison officials at SVSP and PVSP violated his constitutional rights, the allegations
3 against each group of defendants set forth distinct facts concerning alleged injuries that arose at
4 separate prisons in different years. Thus, the claims that arose at SVSP from April 2012 through
5 March 2014 did not arise out of the same transaction, occurrence, or series of transactions or
6 occurrences as the claims asserted against the PVSP defendants. Fed. R. Civ. P. 20(a).
7 Accordingly, all of the PVSP defendants, and the claims against them, will be dismissed from this
8 action without prejudice to Plaintiff's filing separate actions asserting those claims in the United
9 States District Court for the Eastern District of California, which is the proper venue for claims
10 based on acts and omissions at PVSP.

**B.     Claims Against SVSP Defendants**

When the allegations in the complaint concerning Plaintiff's confinement at SVSP are liberally construed, Plaintiff states the following claims for relief: a violation of the Americans with Disabilities Act; multiple claims of deliberate indifference to his serious medical needs; cruel and unusual punishment by officers who maliciously searched his cell; excessive strip searching and harassment during the strip search; deliberate indifference to his sanitation needs due to flooding in his cell; falsification of documents; and deprivation of property. Venue is proper because the events giving rise to the aforementioned claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff names twenty-four SVSP defendants in connection with the noted claims.

**i.     Exhaustion of Administrative Remedies**

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the

4

prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. *Id.*

Here, some of the claims raised in Plaintiff's complaint appear not to have been exhausted through the administrative grievance procedure at SVSP. Plaintiff merely lists some appeals filed at SVSP and "reports that of the appeals filed, most are arbitrarily rejected, or cancelled, most are simply denied (90%), some are partially granted (1%) and . . . [one] granted." Dkt. 1 at 20. Plaintiff does not specifically address exhaustion of the grievance procedure at SVSP as to each claim, and instead he claims, in a conclusory fashion, that he "attempted to use all appropriate, and authorized methods of communication and resolution, including but not limited to, verbal, written and formal communication as specified in the California Code of Regulations, Title 15." *Id.* at 19-20. Because Plaintiff did not attach any of his grievance forms, the Court is unable to determine if Plaintiff satisfied the administrative remedies exhaustion requirement on *each* of the claims he alleges, prior to filing his suit.

Accordingly, it appears that some of Plaintiff's claims may be unexhausted and subject to dismissal. Therefore, his complaint is DISMISSED with leave to amend in order to prove that he

exhausted *all* of his claims against each SVSP defendant before he filed this action. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

### ii. Federal Rule of Civil Procedure 20

As explained above, Plaintiff's complaint is twenty-five pages long. It contains multiple legal claims and names twenty-four SVSP defendants. The complaint is extraordinary broad, and appears to touch upon everything Plaintiff found objectionable during his incarceration at SVSP between April 2012 through March 2014.

As the Court has already determined above, the complaint alleges several claims against SVSP defendants and PVSP defendants that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. However, even the claims against the twenty-four SVSP defendants cover a broad array of different incidents by different individuals over the course of approximately two years. In his Amended Complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over a two-year period that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his Amended Complaint, they will be dismissed.

### iii. Rule 8

As mentioned above, Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to

6

state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). However, under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). As explained above, a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman*, 942 F.2d at 1446. Under no circumstances is there respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff's claims cannot proceed as pleaded because he has not directly linked *all* of the named SVSP defendants to his allegations. Specifically, each of Plaintiff's claims is brought against numerous defendants, some of whom either are not mentioned in his statement of facts, or are linked only in a conclusory manner to his claims. Further, many of the named SVSP defendants are supervisory officials, against whom liability is alleged solely in their respondent superior capacity, which is improper. *Id.* Additionally, while Plaintiff does directly link some individual SVSP defendants to some of his claims, the allegations in the twenty-five-page complaint are so lengthy and unnecessarily detailed that the Court cannot readily determine all of the injuries for which each of the twenty-four SVSP defendants is allegedly liable.

### iv. Summation

In sum, even when Plaintiff's claims are liberally construed, he has failed to provide adequate information for the Court to determine whether the allegations in the complaint state cognizable claims for relief with respect to each of the twenty-four SVSP defendants who were allegedly responsible for Plaintiff's injuries at the time he was incarcerated at SVSP. Furthermore, Plaintiff has failed to allege that he has properly exhausted his claims and that they meet proper joinder requirements. Plaintiff also has failed to provide a simple, concise, narrative that sets forth all of the injuries attributed to each individual defendant. Accordingly, Plaintiff will be given leave to file an amended complaint in which he clearly links each defendant to the

7

alleged injury, or injuries, for which that defendant is alleged to be responsible. While Plaintiff must, in filing his amended complaint, provide sufficient information to give the defendants fair notice of the nature of the claims against them, Plaintiff need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise statement identifying each SVSP defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom. Additionally, Plaintiff should not name any defendant who is linked solely in his respondent superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability.

### C. Claim Against Defendant Beard

Plaintiff has named Jeffrey Beard, the Secretary of the California Department of Corrections and Rehabilitations as a defendant in this action. However, Plaintiff does not link Defendant Beard to any action or inaction that would demonstrate that Jeffrey Beard is liable for any wrongdoing. He seems to name Defendant Beard as liable for the actions of his subordinates, the named PVSP and SVSP defendants. However, as mentioned above, there is no respondeat superior liability under section 1983. *Taylor*, 880 F.2d at 1045. In addition, Plaintiff's amended complaint may not allege any claims relating to the PVSP defendants because those misjoined claims have been dismissed above. If Plaintiff had intended to link Defendant Beard to the constitutional violations at SVSP, he must specify the action or actions this Defendant took, or failed to take, that allegedly caused the deprivation of his constitutional rights, as well as the injury resulting therefrom. If Plaintiff had intended to allege that Defendant Beard is liable as the supervisor of the SVSP defendants, he must allege that this Defendant "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* The Court further notes that Plaintiff must (1) allege that he has exhausted available administrative remedies with respect to any claim against Defendant Beard; and (2) meet proper joinder requirements. Accordingly, Plaintiff's claim against Defendant Beard is DISMISSED with leave to amend to correct the aforementioned pleading deficiencies.

### D. Claims Against Doe Defendants

Plaintiff mentions he wishes to name as Defendants "J. Does #1 through #6" whose names he apparently intends to learn through discovery. Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED. Should Plaintiff learn the identities of the unnamed defendants, he may move for leave to amend to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. All of the PVSP defendants, and the claims against them, are DISMISSED from this action without prejudice to Plaintiff's filing separate actions asserting those claims in the United States District Court for the Eastern District of California, which is the proper venue for claims based on acts and omissions at PVSP.

2. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

      i. Set forth **each claim** in a separate numbered paragraph;

      ii. Identify **each SVSP defendant** and the **specific action or actions each SVSP defendant took, or failed to take**, that allegedly caused the deprivation of Plaintiff's constitutional rights; and

      iii. Identify the injury resulting **from each claim**;

   b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each SVSP defendant** before he filed this action;

   c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list

9

everything that has happened to him over a two-year period in prison that he finds objectionable, the Amended Complaint may only allege claims that:

      i.    Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

      ii.    Present questions of law or fact common to **all SVSP defendants**;

    d.    **Does not** make conclusory allegations linking each SVSP defendant by listing them as having "direct involvement" to his claims without specifying how each SVSP defendant was linked through their actions;

    e.    **Does not** name any SVSP defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability; and

    f.    **Does not** name Doe Defendants.

3.    Plaintiff's claim against Defendant Beard is DISMISSED with leave to amend to link this Defendant to his claims of constitutional violations at SVSP or to properly allege supervisory liability, if applicable.

4.    Plaintiff's claims against the Doe Defendants are DISMISSED without prejudice to Plaintiff moving for leave to amend to add them as named defendants once he learns their identities.

5.    Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 14-5508 YGR (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to**

**file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

7. The Clerk shall send Plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: January 29, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge