UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. COLEMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFFREY BEARD, et al.,<br><br>  Defendants. | Case No. 14-cv-05508-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PLU STATUS; AND GRANTING HIS REQUEST FOR SECOND EXTENSION OF TIME TO FILE AMENDED COMPLAINT** |

Plaintiff, a state prisoner, filed the instant *pro se* prisoner complaint under 42 U.S.C. § 1983. The Court has dismissed Plaintiff's complaint with leave to amend. Plaintiff has filed a request for a second extension of time to file his amended complaint. Plaintiff also appears to request that the Court issue an order stating that the prison librarian must give him Priority Legal Usage ("PLU") status, which is an administrative status used in some California prisons for inmates who have pending court deadlines or otherwise need extra time or priority in using law libraries.

The Court first addresses Plaintiff's motion for additional access to the prison law library. PLU status is not a status that is granted by this Court. The United States Supreme Court has cautioned lower courts to avoid entanglement in the day-to-day matters of prison administration. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (federal courts should exercise restraint before interfering in the complex realm of prison administration); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution). Under some circumstances, the prevention of accessing the prison law library might rise to the level of violating an inmate's constitutional right of access to the courts, *see Lewis v. Casey*, 518 U.S. 343 (1996), but such a claim would not accrue until the inmate suffered an actual injury, and relief would have to be sought in a new civil rights action. For these

1  reasons, the Court DENIES Plaintiff's motion for PLU status.

2      Although the Court cannot interfere in the prison's decision-making process regarding

3  Plaintiff's PLU status, it finds that the difficulties Plaintiff alleges in regularly accessing the prison

4  law library constitute good cause to grant him another extension of time in which to file his

5  amended complaint. Accordingly, Plaintiff's request for a section extension of time to do so is

6  GRANTED. Plaintiff shall file his amended complaint on or by **June 15, 2015**.

7      If Plaintiff fails to file an amended complaint by the deadline above, this action will be

8  dismissed.

9      This Order terminates Docket No. 13.

10     IT IS SO ORDERED.

11 Dated: May 14, 2015

12

13     YVONNE GONZALEZ ROGERS
    United States District Court Judge

2