UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. COLEMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY BEARD, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-05508-YGR (PR)<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; AND DIRECTING CLERK OF THE COURT TO PROVIDE PLAINTIFF WITH A CIVIL RIGHTS COMPLAINT FORM** |

　　　　In an Order filed January 29, 2015, the Court reviewed the complaint in the instant *pro se* civil rights action filed by Plaintiff, a state prisoner who has been granted leave to proceed *in forma* pauperis. The Court dismissed the complaint, finding that Plaintiff had failed to link certain Defendants—prison officials at Salinas Valley State Prison ("SVSP") and Pleasant Valley State Prison ("PVSP")—adequately to his identifiable injuries. The Court also found that many of Plaintiff's claims appeared to be unrelated, unexhausted, and improperly joined Defendants under Federal Rules of Civil Procedure 18(a) and 20(a).[1] The Court also dismissed with leave to amend Plaintiff's claim against Defendant California Department of Corrections and Rehabilitation Secretary Jeffrey Beard because Plaintiff had failed to link this particular defendant to his claims of constitutional violations at SVSP or to allege supervisory liability properly.

　　　　The Court granted Plaintiff leave to file an amended complaint as to the remaining SVSP defendants which:

　　　　a.　States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

　　　　　　i.　Set forth **each claim** in a separate numbered paragraph;

　　　　　　ii.　Identify **each SVSP defendant** and the **specific action or actions**

---

[1] The Court dismissed the improperly joined PVSP defendants and the claims against them (that took place from December 2010 through April 2012). Dkt. 7 at 3-4. The dismissal was without prejudice to Plaintiff's filing separate actions asserting those claims in the United States District Court for the Eastern District of California, which is the proper venue for claims based on acts and omissions at PVSP. *Id.* at 4.

**each SVSP defendant took, or failed to take**, that allegedly caused the deprivation of Plaintiff's constitutional rights; and

   iii.   Identify the injury resulting **from each claim**;

b.   Explains how he has exhausted his administrative remedies **as to each claim** as against **each SVSP defendant** before he filed this action;

c.   Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list everything that has happened to him over a two-year period in prison that he finds objectionable, the Amended Complaint may only allege claims that:

   i.   Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

   ii.   Present questions of law or fact common to **all SVSP defendants**;

d.   **Does not** make conclusory allegations linking each SVSP defendant by listing them as having "direct involvement" to his claims without specifying how each SVSP defendant was linked through their actions;

e.   **Does not** name any SVSP defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability; and

f.   **Does not** name Doe Defendants.

Dkt. 7 at 9-10.

Now pending before the Court is Plaintiff's Amended Complaint, in which he seeks monetary damages and injunctive relief based on alleged injuries caused by twenty-five SVSP defendants between 2012 and 2014, when Plaintiff was incarcerated at SVSP. Plaintiff claims that the named Defendants:

> engaged upon a pattern of behaviors and acts of discrimination that resulted in physical injury to Plaintiff, as well as acts of assault, intimidation, and deprivation of basic life needs. The above included but was not limited to the disruption and intercepting of my United States Postal Mail product, Inmate Appeals, and denial of due process. Numerous instances of Civil Rights Violations include [violations of] the 1st, 8th and 14th Amendments.

Dkt. 17 at 3.[2]  Plaintiff claims that he "came to SVSP using a wheelchair" in April 2012. *Id.* at 8,

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2

21. He proceeds to recount more specific complaints regarding, for example: grievances regarding his Americans With Disabilities Act ("ADA") evaluation in October 2012 (*id.* at 8); failure to respond to his complaints of "cardiac distress[s]" on April 14, 2013 (*id.*); threats to his safety on August 20, 2013 (*id.* at 9); placement in a cell without "ADA handrails" in September 2013 as well as deliberate indifference to health and safety needs resulting from such a placement (*id.* at 10-11); falsification of a Rules Violation Report ("RVR") dated January 1, 2014 (*id.* at 11); excessive force on March 9, 2014 (*id.* at 11-12); deliberate indifference to his serious medical needs from April 2012 through April 2013 and resulting supervisory liability claims (*id.* at 12-13); failure to respond to his medical needs on March 1, 2013 (*id.* at 13-14); denial to due process rights stemming from the handling of RVR no. A14-01-003 in 2014 (*id.* at 14), inmate appeal log no. SVSP-13-02052 in 2013 (*id.* at 15), and inmate appeal log no. SVSP-14-00966 in 2014 (*id.* at 15-16); failure to process mail and inmate appeals (*id.* at 16); and, finally, multiple supervisory liability claims (*id.* at 16-18). These various grievances cannot serve the basis of one complaint in federal court.

As noted, in its January 29, 2105 Order dismissing the complaint with leave to amend the Court explained to Plaintiff that he cannot proceed with a complaint containing unrelated claims or misjoined defendants. In the Amended Complaint, however, Plaintiff again alleges the aforementioned multiple sets of claims against various named Defendants, specifically, claims against SVSP defendants for events that transpired when Plaintiff was incarcerated there between 2012 and 2014. The Court again finds that many of these claims are unrelated and improperly joined under Federal Rule of Civil Procedure 20(a). Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." As the Court previously found, Plaintiff's Amended Complaint concerns several different incidents that may not be connected.

Because Plaintiff is proceeding *pro se*, the Amended Complaint is DISMISSED with leave to amend. Plaintiff is hereby granted one more opportunity to amend his complaint to state

3

cognizable claims for relief concerning the events that transpired when he was incarcerated at SVSP. In his Second Amended Complaint, Plaintiff is again reminded that he may only allege claims that **(a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.** Plaintiff *must choose* what claims he wants to pursue that meet the joinder requirements. Plaintiff must also follow the original requirements for amending his complaint outlined in the Court's January 29, 2015 Order, which will be reiterated below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's Amended Complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Second Amended Complaint which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

      i. Set forth **each claim** in a separate numbered paragraph;

      ii. Identify **each SVSP defendant** and the **specific action or actions each SVSP defendant took, or failed to take**, that allegedly caused the deprivation of Plaintiff's constitutional rights; and

      iii. Identify the injury resulting **from each claim**;

   b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each SVSP defendant** before he filed this action;

   c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list everything that has happened to him over a two-year period in prison that he finds objectionable, the Amended Complaint may only allege claims that:

      i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

      ii. Present questions of law or fact common to **all SVSP defendants**;

   d. **Does not** make conclusory allegations linking each SVSP defendant by

listing them as having "direct involvement" to his claims without specifying how each SVSP defendant was linked through their actions;

  e. **Does not** name any SVSP defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability; and

  f. **Does not** name Doe Defendants.

2. Plaintiff is advised that the Second Amended Complaint will supersede the original and amended complaints. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in the Second Amended Complaint will no longer be defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Second Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 14-5508 YGR (PR)—on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form. Because the Second Amended Complaint completely replaces the original and amended complaints, Plaintiff must include in it all the claims he wishes to present. *See id*. He may not incorporate material from the original or amended complaints by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his Second Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new

1  address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
2  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
3  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
4  *se* party indicating a current address.  *See* L.R. 3-11(b).

5       5.       The Clerk of the Court shall send Plaintiff a blank civil rights form along with a
6  copy of this Order.

7       IT IS SO ORDERED.

8  Dated:  January 12, 2016

                              YVONNE GONZALEZ ROGERS
                              United States District Judge