UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY BEARD, et al.,<br><br>Defendants. | Case No. 14-cv-05508-YGR (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the R. J. Donavan Correctional Facility, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding the conditions of his confinement while he was housed at Salinas Valley State Prison ("SVSP") from 2012 through 2014.

In an Order dated January 29, 2015, the Court dismissed the original complaint, finding that Plaintiff had failed to link certain Defendants—prison officials at SVSP and Pleasant Valley State Prison ("PVSP")—adequately to his identifiable injuries. Dkt. 7. The Court also found that many of Plaintiff's claims appeared to be unrelated, unexhausted, and improperly joined Defendants under Federal Rules of Civil Procedure 18(a) and 20(a).[1] *Id.* at 6. The Court also dismissed with leave to amend Plaintiff's claim against Defendant California Department of Corrections and Rehabilitation Secretary Jeffrey Beard because Plaintiff had failed to link this particular defendant to his claims of constitutional violations at SVSP or to allege supervisory liability properly. *Id.* at 8.

Thereafter, Plaintiff filed an Amended Complaint, based on alleged injuries caused by twenty-five SVSP defendants between 2012 and 2014. Dkt. 17. Plaintiff claimed that the named

---

[1] The Court dismissed the improperly joined PVSP defendants and the claims against them (that took place from December 2010 through April 2012). Dkt. 7 at 3-4. The dismissal was without prejudice to Plaintiff's filing separate actions asserting those claims in the United States District Court for the Eastern District of California, which is the proper venue for claims based on acts and omissions at PVSP. *Id.* at 4.

Defendants:
> engaged upon a pattern of behaviors and acts of discrimination that resulted in physical injury to Plaintiff, as well as acts of assault, intimidation, and deprivation of basic life needs. The above included but was not limited to the disruption and intercepting of my United States Postal Mail product, Inmate Appeals, and denial of due process. Numerous instances of Civil Rights Violations include [violations of] the 1st, 8th and 14th Amendments.

*Id.* at 3.[2] In its January 12, 2016 Order reviewing Plaintiff's Amended Complaint, the Court stated as follows:

> Plaintiff claims that he "came to SVSP using a wheelchair" in April 2012. *Id.* at 8, 21. He proceeds to recount more specific complaints regarding, for example: grievances regarding his Americans With Disabilities Act ("ADA") evaluation in October 2012 (*id.* at 8); failure to respond to his complaints of "cardiac distress[s]" on April 14, 2013 (*id.*); threats to his safety on August 20, 2013 (*id.* at 9); placement in a cell without "ADA handrails" in September 2013 as well as deliberate indifference to health and safety needs resulting from such a placement (*id.* at 10-11); falsification of a Rules Violation Report ("RVR") dated January 1, 2014 (*id.* at 11); excessive force on March 9, 2014 (*id.* at 11-12); deliberate indifference to his serious medical needs from April 2012 through April 2013 and resulting supervisory liability claims (*id.* at 12-13); failure to respond to his medical needs on March 1, 2013 (*id.* at 13-14); denial to due process rights stemming from the handling of RVR no. A14-01-003 in 2014 (*id.* at 14), inmate appeal log no. SVSP-13-02052 in 2013 (*id.* at 15), and inmate appeal log no. SVSP-14-00966 in 2014 (*id.* at 15-16); failure to process mail and inmate appeals (*id.* at 16); and, finally, multiple supervisory liability claims (*id.* at 16-18). These various grievances cannot serve the basis of one complaint in federal court.

Dkt. 18 at 3. The Court pointed out that he again alleged multiple sets of claims against SVSP defendants for events that transpired when Plaintiff was incarcerated there between 2012 and 2014. Dkt. 18 at 3. The Court granted Plaintiff leave to file a Second Amended Complaint ("SAC"), stating as follows:

> Plaintiff is hereby granted one more opportunity to amend his complaint to state cognizable claims for relief concerning the events that transpired when he was incarcerated at SVSP. In his Second Amended Complaint, Plaintiff is again reminded that he may only allege claims that **(a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein.** Plaintiff *must choose* what claims he wants to

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2

> pursue that meet the joinder requirements. Plaintiff must also follow the original requirements for amending his complaint outlined in the Court's January 29, 2015 Order . . . .

Dkt. 18 at 3-4 (emphasis in original).

After being granted numerous extensions of time to do so, Plaintiff subsequently filed his SAC, in which he again sought monetary damages and injunctive relief based on alleged injuries caused by SVSP defendants between 2012 and 2014. Dkt. 32. In an Order dated April 5, 2017, the Court reviewed the SAC pursuant to 28 U.S.C. § 1915A and determined that many of Plaintiff's claims in his SAC again appeared to be unrelated. Dkt. 36 at 3. Thus, the Court found that the SAC was still deficient, stating as follows:

> The SAC alleges several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." As outlined above, Plaintiff's claims cover a broad array of different incidents by different individuals at SVSP over the course of approximately two years. Dkt. 32 at 6-17. As the Court has instructed Plaintiff in past orders, Plaintiff may only allege claims that **(a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein**. Plaintiff may not include in a single complaint everything that has happened to him over a two-year period that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims are not factually related in some way—that is, if there is not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.*

Dkt. 36 at 3-4 (footnote omitted and emphasis in original). Thus, the Court dismissed the SAC with leave to amend within twenty-eight days, with instructions to Plaintiff that he must file a Third Amended Complaint ("TAC") that complies with Federal Rules of Civil Procedure 20(a), stating:

> Plaintiff is granted one *final* opportunity to amend his complaint to state cognizable claims for relief concerning the events that transpired when he was incarcerated at the SVSP. Plaintiff *must*

3

> *choose* what claims he wants to pursue that meet the joinder requirements. Plaintiff must also follow the original requirements for amending his complaint outlined in the Court's January 29, 2015 Order . . . .

Dkt. 36 at 4 (italics in original). The Court also warned as follows: "**If Plaintiff fails to timely file a Third Amended Complaint in conformity with this Order, this case will be dismissed without prejudice and will be closed.**" *Id.* at 6 (emphasis in original).

Plaintiff has since filed his TAC. Dkt. 38. The Court now reviews Plaintiff's TAC and, for the reasons described below, this case is DISMISSED without prejudice.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Legal Claims

In reviewing Plaintiff's original complaint two years ago, the Court explained that it suffered from the defect of setting forth many unrelated claims against many defendants, stating as follows:

> . . . Plaintiff's complaint is twenty-five pages long. It contains multiple legal claims and names twenty-four SVSP defendants. The complaint is extraordinary broad, and appears to touch upon everything Plaintiff found objectionable during his incarceration at SVSP between April 2012 through March 2014.
>
> As the Court has already determined . . . the complaint alleges several claims against SVSP defendants and PVSP defendants that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. However, even the claims against the twenty-four SVSP defendants cover a broad array of different incidents by different individuals over the course of approximately two years. In his Amended Complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or

4

> occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over a two-year period that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his Amended Complaint, they will be dismissed.

Dkt. 7 at 6. As noted above, upon reviewing both his Amended Complaint and SAC, the Court instructed Plaintiff that they still suffered from the *same* defect of setting forth many unrelated claims against many defendants. Dkt. 18 at 3; Dkt. 36 at 3.

Similarly, Plaintiff's TAC is forty-one pages long, and it fails to provide information regarding why his claims and the named Defendants are properly joined. *See* Dkt. 38 at 3-36. As the Court has previously notified Plaintiff in numerous previous orders, Federal Rule of Civil Procedure Rule 20 provides as follows:

> Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; ***and*** any question of law or fact common to all defendants will arise in the action." [Fed. R. Civ. P.] 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Ibid.*

Fed. R. Civ. P. 20(a) (emphasis added).

Here, as noted, Plaintiff has filed a total of three previous complaints: his original complaint; Amended Complaint; and SAC. His original complaint was dismissed with leave to amend to link Defendants. His Amended Complaint and SAC were carefully reviewed by the Court, and the Court determined that they both suffered from the defect of setting forth many unrelated claims against many defendants. The claims included wide-ranging allegations of civil rights violations which took place at different times by different Defendants.

Upon reviewing the TAC, the Court finds that Plaintiff has once again filed a complaint involving many unrelated claims and Defendants. The claims in the TAC are, again, wide-ranging and include alleged violations of Plaintiff's rights at SVSP. Plaintiff has included many disparate claims arising out of distinct events at the prison from October 2012 through March 2014,

including that Defendants were: deliberately indifferent to his medical needs on March 1, 2013 and April 14, 2013; unlawfully subjected him to a strip search on August 20, 2013; unlawfully moved him out of an ADA designated cell in September 2013; denied him inmate witnesses at a disciplinary hearing in January 2014; and assaulted him as well as wrongfully took items from his cell on March 9, 2014. TAC at 3-36. Plaintiff also raises a supervisory liability claim against the SVSP Warden. *Id.* at 36-39. These claims do not seem to arise out of the same transaction or occurrence, and do not have common questions of law or fact. Finally, the TAC, like the previous complaints, is still overly lengthy and sets forth his claims in a wordy narrative, in egregious violation of Rule 8's requirement of a "short and plain statement" for relief. *See* Fed. R. Civ. P. 21

In sum, Plaintiff's TAC fails to comply with the Court's instructions to file only those claims against Defendants that are properly joined. Rule 20 prohibits the kind of grab-bag of unrelated claims that Plaintiff's pleadings persistently assert, and Plaintiff has repeatedly demonstrated that he is unable to choose one set of related claims for this case and to set forth unrelated claims in a separate complaint filed in a separate action. He has also not complied with the Court's instructions to correct this and the other deficiencies that have been repeatedly identified in his pleadings. In particular, Plaintiff's lengthy TAC is in violation of Rule 8's short-and-plain- statement requirement. Therefore, Plaintiff's TAC cannot proceed and is DISMISSED. *See* Fed. R. Civ. P. 8, 21. As Plaintiff has on previous occasions filed pleadings that all suffer the same deficiencies under the Federal Rules of Civil Procedure, and has failed to correct these deficiencies twice after being given leave to amend, further leave to amend will not be granted.

## III. CONCLUSION

For the foregoing reasons and for good cause shown, this action is DISMISSED without prejudice to Plaintiff filing his unrelated claims in separate complaints in new cases.

The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated: October 3 2017

YVONNE GONZALEZ ROGERS
United States District Judge

6